Victor TARTAGLIA, Appellant

v.

**BISON COMMERCIAL LEASING CORP.; Michael Berg; William Linkner.**

No. 08–2443.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Sept. 16, 2009.

Filed: Sept. 17, 2009.

---

Dan A. Druz, Esq., Manasquan, NJ, for Appellant.

Kevin P. McDonough, Esq., Spellman, Rice, Schure, Gibbons, McDonough & Polizzi, Garden City, NY, Appellee.

Before: SLOVITER, FUENTES, and SMITH, Circuit Judges.

OPINION

SMITH, Circuit Judge.

Appellant Victor Tartaglia filed a Complaint alleging that the Appellees forged his signature on certain lease documents and inflated the value of certain equipment used to secure the loans. The District Court granted Appellees' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) under the doctrines of collateral estoppel and *res judicata*. On appeal, Tartaglia argues that this decision was in error because the District Court 1) failed to consider his contribution claim; and 2) incorrectly construed the purportedly preclusive New York state court decision as including a finding that no forgery occurred.[1] We will affirm.[2]

First, the District Court did address Tartaglia's contribution claim. In its recitation of the factual and procedural background, the District Court noted that Tartaglia was "alleging counts of fraud *and contribution* stemming from the lease agreements. . . ." (J.A. 4a (emphasis added).) It later held that "Tartaglia's *claims* are barred by issue preclusion," and that "Tartaglia's *claims* are also barred by claim preclusion." Thus, it is clear that the District Court did consider Tartaglia's contribution claim and determined that it

---

1. Tartaglia also asserts for the first time on appeal that 1) several of his claims are based on evidence discovered since the resolution of the prior state court action, so they cannot be barred by collateral estoppel or *res judicata;* and 2) New York law permits him to seek contribution notwithstanding collateral estoppel or *res judicata.* Additionally, in his reply brief, Tartaglia argues for the first time that the Appellees did not even seek to dismiss the contribution allegation contained in his Complaint. These arguments are all waived. *Gass v. V.I. Tel. Corp.,* 311 F.3d 237, 246 (3d Cir.2002) ("[I]t is well established that failure to raise an issue in the district court constitutes a waiver of the argument." (internal quotations and citation omitted)); *Joint Stock Soc'y v. UDV N. Am., Inc.,* 266 F.3d 164, 178

n. 9 (3d Cir.2001) ("Because the plaintiffs in the present case did not develop this argument until their reply brief, we do not regard it as properly before us.").

2. The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1), and we have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order granting Appellees' Motion to Dismiss is plenary, and "we accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." *Fellner v. Tri–Union Seafoods, L.L.C.,* 539 F.3d 237, 242 (3d Cir.2008).

was barred by both collateral estoppel and *res judicata.*

Second, the New York state court did determine that Tartaglia's signature was not forged. In the state court proceedings, the state court imposed liability on Tartaglia as a guarantor or co-guarantor of certain leases that were in default. There, Tartaglia's defense was that he never agreed to guarantee any of the leases because his signature was forged on the lease documents. Accordingly, as the District Court correctly stated, the state court "could not have found Tartaglia liable under the lease agreements without having decided that his personal guaranty was valid." In other words, before it could impose liability on Tartaglia, the state court must have determined that no forgery occurred.

Tartaglia's argument to the contrary is unfounded. Tartaglia contends that the state court only decided that the evidentiary proof he submitted was not in the proper form, not that his signature was not forged. He points to the state court's statement that the plaintiff in that case "submitted evidence in admissible form." But that statement says nothing about any evidence that Tartaglia, a defendant, submitted. Nor is it logical to conclude that since the state court deemed the plaintiff's evidence "in admissible form," that it believed Tartaglia's evidence in improper form. As a result, we will affirm the District Court's order granting the Appellees' Motion to Dismiss.